UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLUB ONE CASINO, INC., a California Corporation, and Club One Casino, Inc., as successor in interest to CLUB ONE ACQUISITION CORP., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS SARANTOS, an individual dba CLOVIS 500 CLUB and 500 CLUB CASINO, DUSTIN PERRY, an individual, SHAWN SARANTOS, an individual, JOSEPH F. CAPPS, an individual, and DOES 1-24, 30-175, AND 179-200, inclusive,<br><br>Defendants. | No. 1:17-cv-00818-DAD-SAB<br><br><u>ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION FOR ISSUANCE OF SUMMONS</u><br><br>(Doc. No. 5, 6) |

This matter is before the court on defendant Louis Saranto's motion to dismiss the tenth and eleventh causes of action set forth in the second amended complaint. (Doc. No. 5.) A hearing on the motion was held on August 15, 2017. Also before the court is plaintiff's motion for issuance of summons pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. §§ 1447–48. (Doc. No. 6.) Attorney Sydney Smith appeared telephonically on behalf of plaintiff. Attorney James Betts appeared on behalf of defendant. Having considered the parties' briefs and

1

oral arguments, and for the reasons set forth below, the court will grant both defendant's motion to dismiss and plaintiff's motion for issuance of summons.

## BACKGROUND

Plaintiff, Club One Casino, Inc., the successor in interest to Club One Acquisition Corp., is a gambling establishment and closely held California Corporation with its principal place of business in Fresno, California. (Doc. No. 1-4 at 3, ¶ 1, Ex. F.) Defendant, Louis Sarantos, owns and operates a gambling establishment known as Clovis 500 or 500 Club Casino with two locations in Clovis, California. (*Id.* at ¶ 2.) One of defendant's operations directly competes with Club One Casino. (*Id.*) This action proceeds on plaintiff's Second Amended Complaint ("SAC").[1] Therein, plaintiff raises eleven causes of action, including four separately alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. No. 5-1 at 1–2.) Plaintiff's tenth and eleventh causes of action are for a constructive trust and unjust enrichment. (*Id.* at 2.) Defendant Louis Sarantos, removed this action to federal court on June 19, 2017 (Doc. No. 1) and filed a motion to dismiss plaintiff's tenth and eleventh causes of action on June 26, 2017. (Doc. No. 5.) Plaintiff filed a statement of non-opposition to defendant's motion to dismiss on August 1, 2017. (Doc. No. 9.) Plaintiff also filed a motion for issuance of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1447–48 on July 10, 2017. (Doc. No. 6.) Defendant has not filed an opposition to plaintiff's motion for issuance of summons. Below, the court will address the parties' arguments.

## MOTION TO DISMISS

Defendant brings his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). According to defendant, at least two of plaintiff's causes of action are subject to dismissal. (Doc. No. 5 at 1.) Defendant contends plaintiff has not alleged sufficient facts to

---

[1] Plaintiff originally filed suit in Fresno County Superior Court on August 26, 2015 against both Louis Sarantos and George Sarantos. (Doc. No. 1 at 1, ¶ 1.) On December 10, 2015, plaintiff filed a First Amended Complaint. (*Id.* at ¶ 3.) Former defendant George Sarantos was dismissed from the case with prejudice on September 6, 2016. (Doc. No. 6-2 at 2, ¶ 2.) On June 6, 2017, plaintiff filed a Second Amended Complaint. (*Id.* at ¶ 3.) Based on information obtained during discovery, plaintiff also named Dustin Perry, John Cardot, Shawn Sarantos, Joseph F. Capps, and Lodi Francesconi as additional defendants. (*Id.*)

2

support the tenth and eleventh causes of action for constructive trust and unjust enrichment. (*Id.* at 2.) Furthermore, defendant avers that constructive trust and unjust enrichment are remedies and not independent causes of action. (Doc. No. 5-1 at 3–4.) Although there may be some support for pleading a constructive trust and unjust enrichment as separate causes of action,[2][3] plaintiff has filed a statement of non-opposition to the motion to dismiss and does not suggest sufficient facts have been alleged to support either claim. Accordingly, the court need not engage in a detailed analysis and will dismiss these causes of action. Therefore, defendant's motion to dismiss plaintiff's tenth and eleventh causes of action for constructive trust and unjust enrichment will be granted.

## MOTION FOR ISSUANCE OF SUMMONS

Plaintiff moves for an order directing the clerk to issue a summons addressed to defendants Louis Sarantos, doing business as Clovis 500 Club and 500 Club Casino. Plaintiff also requests that summonses be issued to defendants Dustin Perry, John Cardo, Shawn Sarantos, Joseph F. Capps, and Lodi Francesconi. Plaintiff brings this motion pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1447–48 as well as Local Rule 210.

---

[2] Although defendant is correct that a constructive trust is a form of relief and not an independent cause of action (Doc. No. 5-1 at 3–4), courts have recognized that as a matter of practice, a constructive trust may still be pled as a separate claim. *Lundt v. Albrecht*, 936 F.2d 459, 464 (9th Cir. 1991) ("Further, a constructive trust is a remedial device, not a substantive claim on which to base recovery, and does not depend upon a claim for rescission being set forth in the complaint."); *accord Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 784 F. Supp. 2d 1142, 1163 (C.D. Cal. 2011); *on reconsideration in part*, 854 F. Supp. 2d 756 (C.D. Cal. 2011), *aff'd*, 744 F.3d 1124 (9th Cir. 2014) (noting that, "[n]onetheless, 'as a matter of practice constructive trust is commonly pleaded as a separate claim.'" (quoting *Microsoft Corp. v. Suncrest Enter.*, No. 03-5424, 2006 WL 1329881, at *8 (N.D. Cal. May 16, 2006))); *accord Aifang v. Velocity VII Ltd. P'ship*, No. CV1407060SJOMANX, 2015 WL 12745806, at *7 (C.D. Cal. Sept. 30, 2015).

[3] Likewise, the Ninth Circuit has clarified that although unjust enrichment, synonymous with restitution, is typically a remedy and not an independent cause of action, a court may construe a claim for unjust enrichment " 'as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp. Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)); *accord In re Safeway Tuna Cases*, No. 15-cv-05078-EMC, 2016 WL 3743364, at *2 (N.D. Cal. July 13, 2016); *Valencia v. Volkswagen Grp. of Am. Inc.*, 119 F. Supp. 3d 1130, 1143 (N.D. Cal. 2015); *Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2015 WL 4104868, at *3 (N.D. Cal. July 7, 2015); *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015).

Federal Rule of Civil Procedure 4 and Local Rule 210 govern the issuance of summons and service of process. In addition, 28 U.S.C. § 1448 governs service of process after removal and provides, in relevant part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Any prior state court process becomes null and void upon removal. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967); *Strange v. Eastman Outdoors, Inc.*, No. 2:14-cv-1735-JAM-DAD, 2015 WL 12672696, at *1 (E.D. Cal. May 13, 2015); *Barkett v. Sentosa Properties, LLC*, No. 1:14-cv-01698-LJO, 2015 WL 75188, at *1 (E.D. Cal. Jan. 6, 2015). Moreover, "any defect in service may be cured following the removal of an action when a defendant 'has not been served at all with state process.'" *Barkett*, 2015 WL 75188, at *1 (quoting *Beecher*, 381 F.2d at 373).

Here, since defendant Sarantos removed the case to federal court before any of the remaining defendants had been served with the SAC or state court summons, the state court summons is now null and void by virtue of the removal. (Doc. No. 6-1 at 3.) Plaintiff cannot serve the remaining defendants unless a new summons is issued. (*Id.*) The court will therefore grant plaintiff's motion for issuance of summons.

Plaintiff also filed an ex parte application for an order shortening time to hear the motion for issuance of summons. (Doc. No. 6-4.) Plaintiff requested the motion be heard on July 18, 2017 and represented that it would only have thirty days to effectuate service upon the remaining defendants should the motion be heard within the standard 28 days pursuant to Local Rule 230(b). (*Id.* at 3–4.) Due to the court's unavailability, the motion was heard on August 15, 2017 with the defendant's motion to dismiss. Plaintiff's ex parte application has, therefore, been rendered moot. While the plaintiff ordinarily has ninety (90) days to effectuate service from the date of removal, due to the court's unavailability and delay an in light of plaintiff's diligent efforts, the court will grant an additional forty-five (45) days for plaintiff to effectuate service on the remaining defendants upon issuance of the summons. Fed. R. Civ. P. 4(m); *see Brandon H. v. Kennewick*

*Sch. Dist. No. 17*, 133 F.3d 925 (9th Cir. 1998) (noting that under Rule 4(m), "the district court *may* in its discretion grant an extension even if plaintiff has not demonstrated 'good cause.'") (emphasis in original) (citing *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995))).[4]

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (Doc. No. 5) and plaintiff's motion for issuance of summons (Doc. No. 6) are granted as follows:

1. Plaintiff's tenth cause of action for a constructive trust is dismissed;
2. Plaintiff's eleventh cause of action for unjust enrichment is dismissed; and
3. The clerk of court is directed to issue summonses to Louis Sarantos, doing business as Clovis 500 Club and 500 Club Casino, Dustin Perry, John Cardo, Shawn Sarantos, Joseph Capps, and Lodi Francesconi; and
4. Plaintiff is granted forty-five (45) days to effectuate service on the remaining defendants upon issuance of the summons.

IT IS SO ORDERED.

Dated: **September 15, 2017**

UNITED STATES DISTRICT JUDGE

---

[4] Should plaintiff find the additional forty-five (45) days insufficient to serve the remaining defendants, plaintiff may petition the court for a further extension of time upon a showing of good cause.

5